NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED FAIZAL ALI, <br><br> Petitioner, <br><br> vs. <br><br> B. STOLC, Warden, <br><br> Respondent. | No. C 10-2366 LHK (PR) <br><br> ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; REQUIRING ELECTION BY PETITIONER <br><br> (Docket No. 8) |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss for failure to exhaust. Although given an opportunity, Petitioner has not filed an opposition. For the reasons below, the Court grants Respondent's motion to dismiss, but requires Petitioner to elect how he wishes to proceed.

**BACKGROUND**

Petitioner challenges his criminal conviction and sentence in the Alameda County Superior Court. Petitioner filed a direct appeal to the California Court of Appeal, which affirmed the conviction and judgment, and a subsequent petition for review in the California Supreme Court, which denied the petition. Petitioner did not file any state habeas petitions. The instant petition was filed on May 28, 2010. In the petition, this Court found that Petitioner

Order Granting Respondent's Motion to Dismiss; Requiring Election by Petitioner
P:\PRO-SE\SJ.LHK\HC.10\Ali366mtdexh.wpd

1  presented three cognizable claims: (1) there was insufficient evidence to support his conviction
2  for false imprisonment; (2) the jury instructions regarding reasonable doubt were erroneous, in
3  violation of due process; and (3) various sentencing errors violated his right to due process.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rhines v. Webber*, 544 U.S. 269, 273 (2005).

Respondent attached a copy of Petitioner's petition for review to the California Supreme Court, which shows that Petitioner only raised Claim 2 to the California Supreme Court. (Mot., Ex. A.) Petitioner has not submitted any evidence to the contrary. Thus, it appears that Petitioner has not fairly presented his claims to the highest state court. Accordingly, the Court will GRANT Respondent's motion to dismiss the petition as a "mixed" petition that contains both exhausted and unexhausted claims. *See id.*

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court will not dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without first giving Petitioner the opportunity to elect whether to proceed with just his exhausted claim, or to try to exhaust the unexhausted claims before having this Court consider his petition. Therefore, instead of an outright dismissal of the action, the Court will

allow Petitioner to choose whether he wants to:

    (1) dismiss the unexhausted claims and go forward in this action with only the exhausted claim; or

    (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims; or

    (3) move to stay these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

In *Rhines*, the United States Supreme Court discussed the stay-and-abeyance procedure for mixed petitions.[1] The Supreme Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal

---

[1] There is an alternate stay procedure for mixed petitions, but it likely would not help Petitioner. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43. Petitioner's unexhausted claims would not relate back to the exhausted claims in the original petition because they do not share a common core of operative facts with the properly exhausted claim contained in the original petition. *Compare Valdovinos v. McGrath*, 598 F.3d 568, 575 (9th Cir. 2010) (*Brady* claim in amended petition related back to *Brady* claim in original petition), *with Rhoades v. Henry (Haddon)*, 598 F.3d 511, 519-20 (9th Cir. 2010) (denial of leave to amend petition to add claims arising out of alleged misconduct of the prosecutors in another case against defendant based on FBI lab testing was proper because those claims did not relate back to other timely-filed claims about police questioning at the time of his arrest, jailhouse informant testimony, and judicial bias), *and Hebner v. McGrath*, 543 F.3d 1133, 1138-39 (9th Cir. 2008) (no error in denying petitioner leave to amend petition to add new claim that would be untimely where new claim arose from different core of operative facts than claims in original petition and thus did not relate back to original petition). Without relation back, the new claims likely would be time-barred.

habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be thirty (30) days to proceed to state court and thirty (30) days to return to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly*, 315 F.3d at 1071.

Petitioner is cautioned that each of the three options outlined above has risks and drawbacks that he should take into account in deciding which one to choose. If he chooses option (1) and goes forward with only his exhausted claim, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition may be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and demonstrate good cause for failing to exhaust, and, if the motion is granted, he then must act diligently to file a petition in the California Supreme Court and obtain a decision from that court on his unexhausted claim, and then must return to this Court. And under option (3), this action stalls; this Court will do nothing further to resolve the case while Petitioner is diligently seeking relief in state court.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's Motion to Dismiss is GRANTED.

2. **Within thirty (30) days** of the date of this order, Petitioner must serve and file a notice in which he states whether he elects to: (1) dismiss the unexhausted claims (Claims 1 and 3) and go forward in this action with only the remaining exhausted claim (Claim 2); or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition; or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims.

1    If Petitioner chooses Option (1) or Option (2), his filing need not be a long document; it
2 is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply:
3 "Petitioner elects to proceed under Option _____ provided in the Court's Order dated _____."
4 Petitioner must insert a number in place of the blank space to indicate which of the first two
5 options he chooses and insert the date of the Court's Order.

6    If Petitioner chooses Option (3), he must file a motion for a stay in which he explains
7 why he failed to exhaust his unexhausted claims in state court before presenting them to this
8 Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his
9 constitutional claims.

10   **If Petitioner does not choose one of the three options or file a motion within thirty**
11 **(30) days of the date of this order, the entire action will be dismissed.**

12   The Clerk is directed to terminate the docket number 8.

13   IT IS SO ORDERED.

14 DATED: 12/6/2010

_____
LUCY H. KOH
United States District Judge